## MACKWIZ
### v.
### RESOLUTE INS. CO.
### No. A–8606.

District Court, Alaska
Third Division, Anchorage.

Sept. 2, 1954.

McCutcheon & Nesbett, Anchorage, Alaska, for plaintiff.

Albert Maffei, Anchorage, Alaska, for defendant.

FOLTA, District Judge.

Upon accepting an automobile bought from Felton, the defendant's agent who was also engaged in the business of selling automobiles, the plaintiff applied for insurance and was given a receipt of the following tenor:

"Resolute Insurance Company
"Anchorage, Alaska. Box 1612
"May 12, 1952
"John Mackwiz
"Indian Creek c/o ARR

"Insured for 50 ded collision, fire, theft,
"5000, 10000, P.L.T. 5,000 property damage $120.00
"Paid" (sgd) "Ivan Felton Thanks!"

Shortly after leaving Felton's shop, the plaintiff, in an effort to avoid a collision with an oncoming car, sideswiped a jeep and collided with a fence, in consequence of which, in addition to damage to the jeep and the fence, the plaintiff's car was damaged to the extent of $555.95. Upon notifying the defendant's agent the following day of the collision, the plaintiff was informed that he had no insurance. I conclude that this was a waiver of the requirement of making formal proof of loss, Annotations, 22 A.L.R. 407, 408; 108 A.L.R. 901, which is binding on the principal, Home Insurance Co. v. Baltimore Warehouse Co., 93 U.S. 527, 23 L.Ed. 868.

I find that, in applying for insurance and tendering the premium, the plaintiff clearly implied that he wanted immediate protection and that the defendant did not write liability insurance but procured such insurance from others. The question presented is whether a contract of present insurance was effected. The defendant's agent testified that the policy would have been issued immediately by his wife had it not been that it was after office hours and his wife had left for the day, and that he told the plaintiff that he would have to place the public liability and property damage insurance with another insurer.

It appears that it was the practice of the defendant's agent to accept risks of the first class and write collision insurance despite the absence of express authority in the agency agreement and that the defendant relied on the agent's judgment and the cancellation clause in the policy, should the risk be found unacceptable. This practice suffices to bind the principal, Vance on Insurance 222, Sec. 37, 16 Appleman Insurance Law and Practice 738, Sec. 9202, Globe & Rutgers Fire Insurance Co. v. Draper, 9 Cir., 66 F.2d 985. Nor does the lack of express authority to write insurance or make oral contracts of insurance in the agency agreement itself preclude holding the insurer liable at the instance of a third party without notice of the limitation of the agent's authority. Vance on Insur-

ance 432, Sec. 77, Insurance Co. v. Wilkinson, 13 Wall. 222, 20 L.Ed. 617. Accordingly, I conclude that an oral contract of present insurance against fire, theft, and collision, was effected and that the defendant is bound thereby, notwithstanding any limitation or lack of express authority in the agency agreement, and further that its liability is thereby determined by the terms of its printed form of policy, Vance on Insurance 219, Sec. 36. It follows therefore that the plaintiff is entitled to recover for the damage to his car, less $50, the amount deductible under the terms of the policy, and to a refund of the amount paid in excess of the premium for the insurance effected.